**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Vena Astemborski, | No. CV-09-2022-PHX-FJM |
| Plaintiff, | **ORDER** |
| vs. | |
| Michael J. Astrue, Commissioner, Social Security Administration, | |
| Defendant. | |

Plaintiff filed an application for disability insurance benefits on December 1, 2005, alleging disability beginning September 1, 2004. Her claim was denied initially on April 30, 2006, and upon reconsideration on July 12, 2007. Following a hearing on December 3, 2008, the administrative law judge ("ALJ") issued a decision finding that plaintiff was not disabled within the meaning of the Social Security Act and denying benefits. The decision became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review. Plaintiff then filed this action for judicial review pursuant to 42 U.S.C. § 405(g). We have before us plaintiff's opening brief (doc. 14) and defendant's answering brief (doc. 15).

A district court may set aside a denial of benefits "only if it is not supported by substantial evidence or if it is based on legal error." Thomas v. Barnhart, 278 F.3d 947, 954

1    (9th Cir. 2002). Substantial evidence is "relevant evidence which, considering the record as
2    a whole, a reasonable person might accept as adequate to support a conclusion. Where the
3    evidence is susceptible to more than one rational interpretation, one of which supports the
4    ALJ's decision, the ALJ's conclusion must be upheld." Id. (citation omitted).

5          The ALJ found that plaintiff had severe impairments of fibromyalgia, bilateral carpal
6    tunnel syndrome, and bilateral radiculopathy. Tr. 15. The ALJ concluded that plaintiff can
7    occasionally lift 20 pounds and frequently lift 10 pounds; stand/walk 2 hours in an 8-hour
8    day and sit 6 hours in an 8-hour day; occasionally climb ramps and stairs, balance, stoop,
9    kneel, crouch, and crawl; cannot climb ladders, ropes, and scaffolds; and must avoid even
10   moderate exposure to moving machinery and unprotected heights. Tr. 17. Based on these
11   limitations, the ALJ determined that plaintiff has the residual functional capacity ("RFC")
12   to perform the exertional requirements of sedentary work, Tr. 17, and can return to her past
13   relevant work as a PBX operator and reservation clerk, Tr. 19. Accordingly, the ALJ
14   concluded that plaintiff is not disabled within the meaning of the Act. Plaintiff challenges
15   the ALJ's ruling, arguing that he improperly discounted the opinions of her chiropractor, Dr.
16   Price, and her treating physician, Dr. Brennan, and instead gave weight to the opinions of
17   doctors that are not in the record.

18         Plaintiff first argues that the ALJ did not articulate legally sufficient reasons for
19   discounting the opinion of chiropractor Derek Price. Dr. Price diagnosed plaintiff with
20   fibromyalgia, Tr. 353, and opined that plaintiff's functional capacities would not support
21   full-time work, Tr. 440-42. The ALJ correctly noted that a chiropractor is not an acceptable
22   medical source under the regulations, 20 C.F.R. § 404.1513(a). Therefore, the ALJ did not
23   have a duty to accept or specifically refute Dr. Price's evidence. Bunnell v. Sullivan, 912
24   F.2d 1149, 1152 (9th Cir. 1990) ("Although a claimant is free to offer chiropractic evidence
25   . . . there is no requirement that the Secretary accept or specifically refute such evidence."),
26   *modified on other grounds*, 947 F.2d 341 (9th Cir. 1991).

27         Nevertheless, the ALJ in the instant case provided specific reasons for discounting Dr.
28   Price's opinion. He first stated that a chiropractor is not qualified to make a diagnosis of

fibromyalgia, see 20 C.F.R. § 404.1527(d)(5) ("We generally give more weight to the opinion of a specialist about medical issues related to his or her area of speciality than to the opinion of a source who is not a specialist."). The ALJ also found suspect that the functional limitations assigned by Dr. Price were identical in every detail to those assigned by plaintiff's treating physician, Dr. Brennan, only two weeks earlier. Compare Tr. 437-39, with Tr. 440-42. The ALJ considered the identical limitations "more than coincidental," Tr. 19, and accordingly rejected Dr. Price's opinion. We agree that this appropriately calls into question the independent judgment of Dr. Price. However, the ALJ not only rejected Dr. Price's opinion, but he also rejected Dr. Brennan's earlier assessment for the same reason. While we agree that a subsequent, identical functional capacity evaluation may arguably lack credibility, the original assessment does not.

The Commissioner must provide clear and convincing reasons for rejecting an uncontradicted opinion of a treating physician. Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995). Even if contradicted by another medical source, the Commissioner can only reject a treating physician's opinion by articulating specific and legitimate reasons. Id. at 830-31. Here, the ALJ's only explanation for rejecting Dr. Brennan's opinion was that it was identical to a subsequent assessment. This is not a legitimate reason for rejecting the opinion.

The Commissioner attempts to salvage the ALJ's rejection of Dr. Brennan's opinion by arguing that Dr. Brennan's opinion was based only on plaintiff's subjective complaints, which the ALJ found were not entirely credible.[1] But the ALJ does not advance this as a reason to reject Dr. Brennan's opinion, and accordingly we cannot consider it. See Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003) ("We are constrained to review the reasons the ALJ asserts."). While we have latitude to consider other reasons articulated by the ALJ, though not expressly linked to his evaluation of Dr. Brennan's opinion, see Lewis v. Apfel, 236 F.3d 503, 512 (9th Cir. 2001), the "other reasons" consist of the ALJ's improper reliance on medical opinions of state agency physicians that are not part of the record. Tr. 19. The

---

[1] Plaintiff does not challenge this determination.

1   Commissioner concedes that these opinions do not relate to this claimant and are in error.

2   Based on the foregoing, we conclude that the ALJ's determination that plaintiff is not
3   disabled is not supported by substantial evidence. We do not suggest that the record would
4   not support a finding of no disability. We hold only that the reasons given by the ALJ to
5   support his conclusion are insufficient.

6   **IT IS ORDERED REVERSING** the decision of the Commissioner and
7   **REMANDING** the case under sentence four of 42 U.S.C. § 405(g) for further consideration
8   in accordance with this order. The clerk is directed to enter final judgment.

9   DATED this 1st day of October, 2010.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge